DICKSON, Justice,
dissenting.
I respectfully dissent, believing that the trial court’s sentencing determination should be affirmed in this case.
The appellate authority to review and revise criminal sentences provided in Art. 7, § 4 of the Indiana Constitution is merely a permissive option. It does not compel such review. We have elected to implement this authorization by Indiana Appellate Rule 7(B), which “places central focus on the role of the trial judge, while reserving for the appellate court the chance to review the matter in a climate more distant from local clamor.” Serino v. State, 798 N.E.2d 852, 856-57 (Ind.2003). But in light of an appellate tribunal’s limited opportunity to fully perceive and appreciate the totality of the circumstances personally perceived by the trial judge at trial and sentencing, the “due consideration of the trial court’s decision” required by Rule 7(B) should restrain appellate revision of sentences to only extremely rare, exceptional cases.
Any greater frequency in appellate revision of criminal sentences may induce and foster reliance upon such review for ultimate sentencing evaluations and thus serve as a disincentive to the cautious and measured fashioning of sentences by trial judges. Restrained sentencing decisions are best made by a trial judge with the gravity that results from knowing that the judge’s decisions are essentially final.
I am not convinced that this case is sufficiently rare or exceptional to warrant appellate intrusion into the trial court’s sentencing determination.